Approved: _____
DAVID R. FELTON
Assistant United States Attorney

Before:  THE HONORABLE JUDITH C. McCARTHY
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :   20 mag 2788
                                        **SEALED COMPLAINT**
         - v. -                     :
                                        Violation of
JASON TINSLEY,                      :   18 U.S.C. §§ 922(g)(1)
                                        and 2
                                    :
                   Defendant.           COUNTY OF OFFENSE:
                                    :   WESTCHESTER

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    JOSEPH M. McGANN, being duly sworn, deposes and says that he is a Task Force Officer with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE

    1. On or about March 9, 2020, in the Southern District of New York, JASON TINSLEY, the defendant, knowing that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly and intentionally did possess, in and affecting commerce, ammunition, to wit, a Sellier and Bellot Smith and Wesson .40 Caliber casing (the "Ammunition"), which previously had been shipped and transported in interstate and foreign commerce.

    (Title 18, United States Code, Sections 922(g)(1) and 2.)

    The bases for my knowledge and for the foregoing charge are, in part, as follows:

    2. I am a Task Force Officer with the FBI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my examination of reports and

2

records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part.

        3.    Based on my review of reports from the City of Peekskill Police Department (the "CPPD"), and my conversations with a CPPD officer ("Officer-1"), I know that:

    a.    On or about March 9, 2020, at approximately 10 p.m., a 911 caller (the "Caller") reported, in substance and in part, that, in or around the first courtyard in the Dunbar Heights apartments in Peekskill, New York, the Caller had recently heard two gunshots and saw a male the Caller identified as "Tinsley" running.

    b.    The first courtyard in the Dunbar Heights apartments is located at an address on Highland Avenue in Peekskill, New York.

    c.    During the 911 call, the Caller reported that "Tinsley" was wearing a red hat and black jacket. The Caller told law enforcement to check the Dunbar Heights surveillance cameras.

    d.    Within less than approximately twenty minutes, the CPPD arrived at the scene with a trained, explosive detection canine (the "K9"), under the control of an explosive detection canine handler.[1]

    e.    After arriving at the first courtyard in the Dunbar Heights apartments on Highland Avenue, the K9 sat,

---

[1] The K9 is certified both regionally and nationally as an explosive detection canine by the United States Police Canine Association and the United States Bureau of Alcohol, Tobacco and Firearms. The K9 also successfully completed a three-month explosive detection school hosted by the Metropolitan Transportation Authority. The K9 is periodically trained and tested to ensure accuracy and is utilized regularly for the purpose of detecting explosives.  The K9 has successfully given positive indications of explosives in the field in the past and generally has proven reliable in the field.

3

indicating a positive alert. Law enforcement recovered the Ammunition where the K9 was sitting.

4. Based on my review of video-surveillance footage maintained by the Dunbar Heights apartments from the night of March 9, 2020 and a photograph of JASON TINSLEY, the defendant, on file with the CPPD, I know that:

    a. The next day, on or about March 10, 2020, I reviewed video-surveillance footage maintained by the Dunbar Heights apartments from the night of March 9, 2020. Among other footage, I reviewed video-surveillance footage of the first courtyard in the Dunbar Heights apartments on Highland Avenue. Consistent with the Caller's 911 call, in this video I observed a male wearing a red hat and black jacket.

    b. I have reviewed a photograph of JASON TINSLEY, the defendant, on file with the CPPD and the Dunbar Heights video of the male in the red hat and black jacket from the night of March 9, 2020, and I believe TINSLEY and the male in the red hat and black jacket to be one and the same individual.

    c. The Dunbar Heights video of TINSLEY from the night of March 9, 2020 shows, in substance and in part, TINSLEY discharge a semi-automatic firearm that ejects a casing and run away.

    d. The Dunbar Heights video from the same surveillance camera less than approximately twenty minutes later shows the CPPD and the K9 arrive at the scene. The video shows the K9 give its positive alert and the CPPD recover the Ammunition in the immediate vicinity – within approximately five feet – of where TINSLEY discharged the semi-automatic firearm that ejected the casing.

5. As part of my investigation of this matter, I have been informed by an agent ("Agent-1") of the United States Bureau of Alcohol, Tobacco and Firearms ("ATF"), which has data on the manufacturing of ammunition and firearms, that the Ammunition was not manufactured in the State of New York.

6. I have reviewed criminal history records pertaining to JASON TINSLEY, the defendant, and learned that TINSLEY was convicted on or about May 17, 2004, in Westchester County Court,

4

of manslaughter in the first degree, with intent to cause serious physical injury, in violation of New York Penal Code Section 125.20, which is a felony punishable by imprisonment for more than one year. Based on my review of the criminal history records, I am aware that, on or about July 20, 2004, TINSLEY was sentenced to a term of 16 years' imprisonment.

       7. I have reviewed additional criminal history records pertaining to JASON TINSLEY, the defendant, and learned that TINSLEY was convicted on or about July 14, 2006, in Chemung County Court, of attempted knowingly making/possessing dangerous contraband in prison in the first degree, in violation of New York Penal Code Section 205.25, which is a felony punishable by imprisonment for more than one year. Based on my review of the criminal history records, I am aware that, on or about July 14, 2006, TINSLEY was sentenced to a term of 18 months to three years' imprisonment.

       8. I have reviewed additional criminal history records pertaining to JASON TINSLEY, the defendant, and learned that TINSLEY was convicted on or about May 25, 2004, in Westchester County Court, of criminal sale of a controlled substance in the third degree, in violation of New York Penal Code Section 220.39, which is a felony punishable by imprisonment for more than one year. Based on my review of the criminal history records, I am aware that, on or about July 20, 2004, TINSLEY was sentenced to a term of 54 months to nine years' imprisonment.

5

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of JASON TINSLEY, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

*[signature]*

JOSEPH M. McGANN
Task Force Officer
Federal Bureau of Investigation

Sworn to before me this
11th day of March, 2020

*[signature]*

THE HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK